FILED
SEP 2 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST, )
"Homeless" )
P.O. Box 1935 )
St. Charles, MO 63302 )
No phone )
        Plaintiff, )
v. ) Civil
  )
JO ANNE B. BARNHART, )
Commissioner Social Security )
Administration, )
6401 Security Blvd. )
Baltimore, MD 21235-0001, )
  )
        Defendant. )

CASE NUMBER 1:05CV01890
JUDGE: Rosemary M. Collyer
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 09/23/2005

## COMPLAINT

NOW COMES the Plaintiff, Michael West, *pro se*, and for its complaint states:

1. This action is brought pursuant to the Freedom of Information Act, as amended, 5 U.S.C. 552, referred to as "FOIA", to require public disclosure of all records specifically and previously requested, contained in the Social Security Administration ("SSA") files.

2. This Court has jurisdiction of this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B); the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*; and the All Writs Act, 28 U.S.C. § 1651.

3. Plaintiff, Michael West, is a natural born U.S. citizen and concerned individual, with his principle residence within the St. Louis Metropolitan area locate in the State of Missouri. And has been repeatedly subjected to "homelessness" for over one year, as a direct and proximate result of SSA's discriminatory and retaliatory practices under "programs and activities" of Title

RECEIVED
AUG 3 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3

II against (1) persons with physical disabilities, or (2) the "homeless:" or both, in further violation of Executive Order 12892.

4. Defendant, SSA, is a federal administrative agency of the United States, created pursuant to 42 USC § 901 *et seq.*, with its principle offices located at 6401 Security Blvd., Baltimore, MD 21235-0001. Defendant SSA and its agents constitute an "agency" within the meaning of FOIA, 5 USC § 552(e), and is conducting business within this federal judicial district. And, Defendant, Jo Anne B. Barnhart, is Commissioner of that agency.

### COUNT ONE

5. On or about March 16th 2005, Plaintiff, and pursuant to the FOIA, 5 USC § 552(a) requested by letter that the Defendant produce copies of records and other documents.

6. By agency inaction, the Defendant did not reply and thus denied Plaintiff's request information with respect to these enumerated materials stated within the original request pertaining to Plaintiff in their possession.

7. Additionally, no proper control number was assigned to this FOIA request.

8. On or about April 6, 2005, Plaintiff appealed this denial pursuant to applicable administrative procedure, and requested that the denied documents be made available.

9. Again, by agency inaction, the Defendant did not reply and denied Plaintiff's FOIA appeal and request for information with respect to the immediately above, in which the Plaintiff believes that these requested materials are in the possession of this Defendant.

10. Additionally, no control number was assigned to this FOIA appeal.

11. More than twenty working days have passed since Defendant's receipt of Plaintiff's FOIA appeal, and Defendant has not notified this Plaintiff as to whether it will fully comply with Plaintiff's original FOIA request. Therefore, under 5 USC § 552(a)(6)(A) and 5 USC §

552(a)(6)(C), Plaintiff has exhausted all of administrative remedies in attempting to obtain the materials requested under the FOIA.

12. On information and belief, all of the information sought by Plaintiff is within the provisions of the FOIA, 5 USC § 552(a)(3), and is required to be disclosed by Defendant.

13. Defendant's failure and refusal to furnish the requested materials is arbitrary and capricious, and irreparably injures Plaintiff by depriving him of public information to which he is entitled access.

## COUNT TWO

14. On or about March 24th 2005, Plaintiff, and pursuant to the FOIA, 5 USC § 552(a) requested by letter that the Defendant produce copies of records and other documents.

15. By agency inaction, the Defendant did not reply and thus denied Plaintiff's request information with respect to these enumerated materials stated within the original request pertaining to Plaintiff in their possession.

16. Additionally, no proper control number was assigned to this FOIA request.

17. On or about April 6, 2005, Plaintiff appealed this denial pursuant to applicable administrative procedure, and requested that the denied documents be made available.

18. Again, by agency inaction, the Defendant did not reply and denied Plaintiff's FOIA appeal and request for information with respect to the immediately above, in which the Plaintiff believes that these requested materials are in the possession of this Defendant.

19. Additionally, no control number was assigned to this FOIA appeal.

20. More than twenty working days have passed since Defendant's receipt of Plaintiff's FOIA appeal, and Defendant has not notified this Plaintiff as to whether it will fully comply with Plaintiff's original FOIA request. Therefore, under 5 USC § 552(a)(6)(A) and 5 USC §

3

552(a)(6)(C), Plaintiff has exhausted all of administrative remedies in attempting to obtain the materials requested under the FOIA.

21. On information and belief, all of the information sought by Plaintiff is within the provisions of the FOIA, 5 USC § 552(a)(3), and is required to be disclosed by Defendant.

22. Defendant's failure and refusal to furnish the requested materials is arbitrary and capricious, and irreparably injures Plaintiff by depriving him of public information to which he is entitled access.

### COUNT THREE

23. On or about February 22nd 2005, Plaintiff, and pursuant to the FOIA, 5 USC § 552(a) requested by letter that the Defendant produce copies of records and other documents.

24. By agency inaction, the Defendant did not reply and thus denied Plaintiff's request information with respect to these enumerated materials stated within the original request pertaining to Plaintiff in their possession.

25. Additionally, no proper control number was assigned to this FOIA request.

26. On or about April 6, 2005, Plaintiff appealed this denial pursuant to applicable administrative procedure, and requested that the denied documents be made available.

27. Again, by agency inaction, the Defendant did not reply and denied Plaintiff's FOIA appeal and request for information with respect to the immediately above, in which the Plaintiff believes that these requested materials are in the possession of this Defendant.

28. Additionally, no control number was assigned to this FOIA appeal.

29. More than twenty working days have passed since Defendant's receipt of Plaintiff's FOIA appeal, and Defendant has not notified this Plaintiff as to whether it will fully comply with Plaintiff's original FOIA request. Therefore, under 5 USC § 552(a)(6)(A) and 5 USC §

4

552(a)(6)(C), Plaintiff has exhausted all of administrative remedies in attempting to obtain the materials requested under the FOIA.

30. On information and belief, all of the information sought by Plaintiff is within the provisions of the FOIA, 5 USC § 552(a)(3), and is required to be disclosed by Defendant.

31. Defendant's failure and refusal to furnish the requested materials is arbitrary and capricious, and irreparably injures Plaintiff by depriving him of public information to which he is entitled access.

WHEREFORE, for all of the foregoing reasons, Plaintiff request that this Court and for each and every Count enumerated above:

1. Deem the information sought by Plaintiff to constitute public information within the meaning of the Freedom of Information Act, as amended. 5 USC § 552(a)(4)(B);

2. Enjoin Defendant from withholding the requested materials from Plaintiff;

3. Expedite the proceedings in this action as provided in 5 USC § 552(a)(4)(B);

4. Award Plaintiff his costs and/or attorney fees in this action, in the amount of not less than $10,000.00 (ten-thousand dollars) pursuant to 5 USC § 552(a)(4)(E);

5. Issue a written finding, pursuant to 5 USC § 552(a)(4)(F), that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding; and

6. Grant Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 28th day of August 2005.

*[signature]*

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935