UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-1890 (RMC) |
| ) | ECF |
| JO ANNE BARNHART, COMMISSIONER, ) | |
| SOCIAL SECURITY ADMINISTRATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the Social Security Administration ("SSA"), by and through its undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby respectfully moves for summary judgment in its favor in this case brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Summary judgment is sought on the grounds that there are no material facts in dispute and the facts establish that Defendant is entitled to judgment as a matter of law. A statement of material facts as to which there is no genuine dispute, a memorandum of points and authorities in support of this motion, the declaration of the responsible agency official, Doris Bell, with attachments consistent with the District of Columbia Circuit's opinion in Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974), and a proposed Order are filed herewith.

Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Local Rule 7(h); and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: October 28, 2005.                Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE
D.C. Bar # 171538
Assistant United States Attorney

/s/
HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, DC 20530
(202) 514-7139

## **CERTIFICATE OF SERVICE**

I certify that on October 28, 2005 a copy of the foregoing motion, as well as a supporting memorandum, a statement of material facts, and a supporting declaration (with exhibits) were served by regular United States mail, postage pre-paid, upon:

Michael West
P.O. Box 1935
St. Charles, MO 63302


_/s/_____
Heather R. Phillips

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>          **Plaintiff,** )<br>   v. )<br>)<br>JO ANNE BARNHART, COMMISSIONER, )<br>SOCIAL SECURITY ADMINISTRATION )<br>)<br>          **Defendant.** )<br>) | Civil Action No. 05-1890 (RMC)<br>ECF |

### DEFENDANT'S STATEMENT OF MATERIAL FACTS
### <u>NOT IN GENUINE DISPUTE</u>

In accordance with Local Rule 7(h), Defendant submits this statement of material facts as to which there is no genuine dispute.

1. On April 15, 2005, the Office of Public Disclosure ("OPD") of the Social Security Administration ("SSA") received a letter from Plaintiff dated April 6, 2005, stating that he was appealing his FOIA requests of February 22, 2005, March 16, 2005, and March 24, 2005. <u>See</u> Declaration of Doris Bell ("Bell Dec.") at ¶ 3 and Exhibit 1 thereto.

2. Plaintiff did not include copies of his prior FOIA requests with the April 6, 2005 letter. <u>Id.</u>

3. OPD opened a file for Plaintiff's April 6, 2005 request, which was designated in OPD's FOIA control system as number PF7263, and assigned the case to Freedom of Information Specialist Doris Bell. <u>Id.</u> at ¶ 4.

4. Ms. Bell searched OPD's database system that contains a listing of all of OPD's incoming and outgoing FOIA correspondence and determined that OPD had no record of receiving any FOIA requests by Plaintiff dated February 22, 2005, March 16, 2005, or March 24,

2005. Id. at ¶¶ 5-6.

5.     OPD therefore treated Plaintiff's April 6, 2005 letter as an initial FOIA request for documents because it was the first time a request for information had been received by OPD from Plaintiff. Id. at 11.

6.     Because Plaintiff's April 6, 2005 letter referred to his interactions with an SSA employee, Ms. Ann L. Wright, who was employed by the SSA at the Social Security office located in St. Peters, Missouri, Ms. Bell contacted Ms. Wright to ascertain whether Ms. Wright had any further information about the underlying FOIA requests referred to by Plaintiff in his April 6, 2005 letter. Id. at ¶ 7.

7.     Ms. Wright informed Ms. Bell that, although she had sent Plaintiff a letter on March 3, 2005, with respect to Plaintiff's request for information about his 1999 disability claim, informing him that the SSA was unable to locate his 1999 disability claims folder, that letter was not in response to any letter request of Plaintiff dated February 22, 2005, March 16, 2005, or March 24, 2005. Id. at ¶ 8.

8.     Ms. Wright also informed Ms. Bell that Plaintiff had been provided copies of the medical evidence from his 2004 disability claim. Id.

9.     Ms. Wright confirmed for Ms. Bell that she had multiple letters in her file from Plaintiff; however, due to the lack of information in Plaintiff's April 6, 2005 letter respecting the underlying FOIA claims of February 22, 2005, March 16, 2005, and March 24, 2005, Ms. Wright was unable to determine with certainty whether any of the letters in her file were the letters Plaintiff described in his April 6, 2005 FOIA request. Id. at ¶ 9.

10.    Based on her conversations with Ms. Wright, and based on the information

contained in Plaintiff's April 6, 2005 letter, Ms. Bell determined that Plaintiff was seeking a copy of his 1999 disability claims file. Id. at ¶ 10.

11. OPD then conducted a search for Plaintiff's 1999 disability claims file, but was unable to locate it at that time. Id. at ¶ 12.

12. On May 18, 2005, the SSA's Freedom of Information Officer Jonathon Cantor sent Plaintiff a letter stating that the SSA was responding to his April 6, 2005 request for information respecting his disability claim. Id. at ¶ 12 and Exhibit 2 thereto.

13. In his letter, Mr. Cantor informed Plaintiff that although he was entitled under the Privacy Act to review and copy material in his 1999 disability claims file, the SSA was unable to make the file available as it had not been located. Id.

14. Plaintiff was informed in the May 18, 2005 letter of his opportunity to appeal the decision to the Executive Director of OPD within 30 days. Id. at ¶ 13.

15. Plaintiff did not file an appeal of the May 18, 2005 decision. Id. at ¶ 14.

16. On September 28, 2005, Plaintiff filed the instant Complaint, alleging that the SSA had failed to respond to his FOIA requests dated February 22, 2005, March 16, 2005, and March 24, 2005, and his April 6, 2005 "appeal" of those requests. See generally Complaint.

17. In response to the filing of Plaintiff's Complaint, Ms. Bell again contacted Ms. Wright, and learned that Plaintiff's 1999 disability claims file had been recently located. Bell Dec. at ¶ 16.

18. Ms. Bell obtained Plaintiff's 1999 disability claims file, and determined that all of the documents contained in the file could be released in full to Plaintiff, with the exception of one page, entitled "Titles II and XVI Sixth Month Denial Cases" which needed to be redacted

pursuant to 5 U.S.C. § 552(b)(6) ("FOIA Exemption 6") to remove individuals'(other than Plaintiff's) names, social security numbers, and SSA disability determinations. Id. at ¶¶ 17-18.

19.     On October 28, 2005, OPD sent Plaintiff a letter indicating that the entire contents of his 1999 disability claims file was being sent to him under cover of the letter, with the exception of certain portions of one page of the file. Id. at 18, and Exhibit 3, thereto.

20.     On October 28, 2005, OPD sent Plaintiff a copy of his entire 1999 disability claims file, with the exception of the one page, "Titles II and XVI Sixth Month Denial Cases," which was redacted under Exemption 6 to remove the names, social security numbers, and SSA benefits determinations of individuals other than Plaintiff. Id. at ¶¶ 18-19.

21.     At this time, there are no additional documents responsive to Plaintiff's FOIA request that have not been released to him. Id. at ¶ 20.

Dated: October 28, 2005.                    Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE
D.C. Bar # 171538
Assistant United States Attorney

/s/
HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, DC 20530
(202) 514-7139

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JO ANNE BARNHART, COMMISSIONER, )<br>SOCIAL SECURITY ADMINISTRATION )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1890 (RMC)<br>ECF |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to the processing of Plaintiff's FOIA request by the Social Security Administration ("SSA"). The SSA has completed its processing of Plaintiff's information request, produced all responsive, non-exempt records in its possession, and explained its reliance on FOIA Exemption (b)(6). There are no material facts in dispute and the SSA is entitled to judgment in its favor as a matter of law. Accordingly, summary judgment should be granted pursuant to Fed. R. Civ. P. 56.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On April 15, 2005, the Office of Public Disclosure ("OPD") of the SSA received a letter from Plaintiff dated April 6, 2005, stating that he was appealing his FOIA requests of February 22, 2005, March 16, 2005, and March 24, 2005. See Declaration of Doris Bell ("Bell Dec.") at ¶ 3 and Exhibit 1 thereto. Plaintiff did not include copies of his prior FOIA requests with the April 6, 2005 letter. Id. OPD opened a file for Plaintiff's April 6, 2005 request, which was designated

in OPD's FOIA control system as number PF7263, and assigned the case to Freedom of Information Specialist Doris Bell. Bell Dec. at ¶ 4. Ms. Bell searched OPD's database system that contains a listing of all of OPD's incoming and outgoing FOIA correspondence and determined that OPD had no record of receiving any FOIA requests by Plaintiff dated February 22, 2005, March 16, 2005, or March 24, 2005. Id. at ¶¶ 5-6. OPD therefore treated Plaintiff's April 6, 2005 letter as an initial FOIA request for documents because it was the first time a request for information had been received by OPD from Plaintiff. Id. at 11.

Because Plaintiff's April 6, 2005 letter referred to his interactions with an SSA employee, Ms. Ann L. Wright, who was employed by the SSA at the Social Security office located in St. Peters, Missouri, Ms. Bell contacted Ms. Wright to ascertain whether Ms. Wright had any further information about the underlying FOIA requests referred to by Plaintiff in his April 6, 2005 letter. Id. at ¶ 7. Ms. Wright informed Ms. Bell that, although she had sent Plaintiff a letter on March 3, 2005, with respect to Plaintiff's request for information about his 1999 disability claim, informing him that the SSA was unable to locate his 1999 disability claims folder, that letter was not in response to any letter request of Plaintiff dated February 22, 2005, March 16, 2005, or March 24, 2005. Id. at ¶ 8. Ms. Wright also informed Ms. Bell that Plaintiff had been provided copies of the medical evidence from his 2004 disability claim. Id.

Ms. Wright confirmed for Ms. Bell that she had multiple letters in her file from Plaintiff; however, due to the lack of information in Plaintiff's April 6, 2005 letter respecting the underlying FOIA claims of February 22, 2005, March 16, 2005, and March 24, 2005, Ms. Wright was unable to determine with certainty whether any of the letters in her file were the letters Plaintiff described in his April 6, 2005 FOIA request. Id. at ¶ 9. Ultimately, based on her

conversations with Ms. Wright, and based on the information contained in Plaintiff's April 6, 2005 letter, Ms. Bell determined that Plaintiff was seeking a copy of his 1999 disability claims file. Id. at ¶ 10.

OPD then conducted a search for Plaintiff's 1999 disability claims file, but was unable to locate it at that time. Id. at ¶ 12. Therefore, on May 18, 2005, the SSA's Freedom of Information Officer Jonathon Cantor sent Plaintiff a letter stating that the SSA was responding to his April 6, 2005 request for information respecting his disability claim. Id. at ¶ 12 and Exhibit 2 thereto. In his letter, Mr. Cantor informed Plaintiff that although he was entitled under the Privacy Act to review and copy material in his 1999 disability claims file, the SSA was unable to make the file available as it had not been located. Id. Plaintiff was informed in the May 18, 2005 letter of his opportunity to appeal the decision to the Executive Director of OPD within 30 days. Id. at ¶¶ 13. Plaintiff did not file an appeal of the May 18, 2005 decision. Id. at ¶ 14.

On September 28, 2005, Plaintiff filed the instant Complaint, alleging that the SSA had failed to respond to his FOIA requests dated February 22, 2005, March 16, 2005, and March 24, 2005, and his April 6, 2005 "appeal" of those requests. See generally Complaint. Again, Plaintiff failed to attach copies of the requests. Id. In response to the filing of the Complaint, Ms. Bell again contacted Ms. Wright, and learned that Plaintiff's 1999 disability claims file had recently been located. Bell Dec. at ¶ 16. Ms. Bell obtained Plaintiff's 1999 disability claims file, and determined that all of the documents contained in the file could be released in full to Plaintiff, with the exception of one page, entitled "Titles II and XVI Sixth Month Denial Cases" which needed to be redacted pursuant to 5 U.S.C. § 552(b)(6) ("FOIA Exemption 6") to remove individuals'(other than Plaintiff's) names, social security numbers, and SSA disability

determinations.  Id. at ¶¶ 17-18.

On October 28, 2005, OPD sent Plaintiff a letter indicating that the entire contents of his 1999 disability claims file was being sent to him under cover of the letter, with the exception of certain portions of one page of the file.  Id. at ¶18, and Exhibit 3, thereto.  Under cover of the October 28, 2005 letter, Ms. Bell sent Plaintiff a copy of his entire 1999 disability claims file, with the exception of the one page, "Titles II and XVI Sixth Month Denial Cases," which was redacted under Exemption 6 to remove the names, social security numbers, and SSA benefits determinations of individuals other than Plaintiff.  Id. at ¶¶ 18-19.  At this time, there are no additional documents responsive to Plaintiff's FOIA request that have not been released to him. Id. at ¶ 20.

### III.  STANDARD OF REVIEW

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, which provides that the "judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  Where no genuine dispute exists as to any material fact, summary judgment is required.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 248.  "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987), (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (emphasis in original)).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must state specific facts or present some objective evidence that would enable the court to find he is entitled to relief. In Celotex Corp. v. Catrett, 477 U.S. at 322-323, the Supreme Court held that, in responding to a motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. In another opinion that the Supreme issued on the same day it issued Celotex, the Court explained the circumstances under which summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50, 252. See Johnson v. Digital Equipment Corp., 836 F. Supp. 14, 15 (D.D.C. 1993). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327.

FOIA cases are typically resolved on summary judgment. See Cooper Cameron Corp. v. Dep't of Labor, 280 F.3d 539, 543 (5th Cir. 2002). To discharge its burden, the agency must prove that each document that falls within the class of requested records has either been produced, is unidentifiable, or is exempt. See National Cable Television Ass'n, Inc. v. Federal Communications Commission, 479 F.2d 183, 186 (D.C. Cir. 1973). In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications

for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  See also Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); Public Citizen, Inc. v. Dep't of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329; (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991).

    These declarations or affidavits (singly or collectively) are often referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).[1]  There is no set formula for a Vaughn index.  "[I]t is well established that the critical elements of the Vaughn index lie in its function, and not in its form."  Kay v. FCC, 976 F. Supp. 23, 35 (D.D.C. 1997).  "The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege."  Delaney, Midgail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987).  See also Keys v. U.S. Dep't of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987); Hinton v. Dep't of Justice,

---

[1] "A Vaughn index must:  (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." Citizens Commission on Human Rights, 45 F.3d at 1326. "Of course the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 949 (D.C. Cir. 1979).

844 F.2d 126, 129 (3d Cir. 1988).[2]

The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all nondisclosures.  See 5 U.S.C. § 552(a)(4)(B); Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989).

In support of this motion the SSA has provided a declaration and a Vaughn index.  The SSA's declaration was prepared by Doris Bell, a Freedom of Information Specialist for the OPD of the SSA.  Bell Dec. at ¶ 1.  Ms. Bell's official duties require her to be familiar with the procedures followed by the SSA in responding to Plaintiff's FOIA requests.  See Bell Dec. ¶¶ 1-2.  Ms. Bell's declaration adequately explains the search undertaken by the SSA, the application of FOIA Exemption 6 to the redacted document, and the justifications for FOIA Exemption 6 on the withheld material.  Ms. Bell thoroughly sets forth where the SSA withheld information in its release to Plaintiff and why the information was withheld.  In short, Ms. Bells's declaration and Vaughn Index provide the Court with the requisite basis for review of the SSA's actions in response to Plaintiff's FOIA request.

## IV.  ARGUMENT

**A.      The SSA Properly Applied FOIA Exemption 6.**

The SSA properly redacted from the page entitled "Titles II and XVI Sixth Month Denial Cases," and withheld from release, individuals' (other than Plaintiff's) names, social security

---

[2] "All that is required, and that is the least that is required, is that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." Id. "The degree of specificity of itemization, justification, and correlation required in a particular case will, however, depend on the nature of the document at issue and the particular exemption asserted." Information Acquisition Corp. v. Dep't of Justice, 444 F. Supp. 458, 462 (D.D.C. 1978).

numbers, and disability claim determinations pursuant to FOIA Exemption 6.  FOIA Exemption 6 applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  "The Supreme Court has interpreted the phrase 'similar files' to include <u>all information</u> that applies to a particular individual."  <u>Lepelletier v. FDIC</u>, 164 F.3d 37, 46 (D.C. Cir. 1999), (emphasis supplied), quoting <u>Department of State v. Washington Post Co.</u>, 456 U.S. 595, 602 (1982).  The Court has also emphasized that "both the common law and the literal understanding of privacy encompass the individual's control of information concerning his or her person."  <u>U.S. Department of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 763 (1989).

In order to determine whether there would be a "clearly unwarranted invasion of personal privacy," the court must balance the interests of protecting "an individual's private affairs from unnecessary public scrutiny," and "the public's right to governmental information."  <u>Lepelletier</u>, 164 F.3d at 46 (interior quotation marks omitted), citing <u>United States Dept. of Defense Dept. of Military Affairs v. FLRA</u>, 964 F.2d 26, 29 (D.C. Cir. 1992), quoting <u>Department of Air Force v. Rose</u>, 425 U.S. 352, 372 (1976).  In determining how to balance the private and public interests involved, the Supreme Court has sharply limited the notion of "public interest" under the FOIA:  "[T]he <u>only</u> relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'"  <u>Lepelletier</u>, 164 F.3d at 46 (editing by the court, emphasis supplied, interior quotation marks omitted), quoting <u>United States Dept. of Defense v. FLRA</u>, 510 U.S. 487, 497 (1994).  <u>See also</u> <u>Reporters</u>

Committee, 489 U.S. at 773.  Information that does not directly reveal the operation or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." Id. at 775.  Further, "something, even a modest privacy interest, outweighs nothing every time." National Ass'n of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989); but see Lepelletier, 164 F.3d at 48 (in extraordinary circumstance where the individuals whose privacy the government seeks to protect have a "clear interest" in release of the requested information, the balancing under Exemption 6 must include consideration of that interest).

In the instant case, the sole information redacted from one page of Plaintiff's 1999 disability claims file – the page entitled "Titles II and XVI Sixth Month Denial Cases" – was the names, social security numbers, and disability claims determinations of individuals other than Plaintiff.  Bell Dec. at ¶ 21.  This information constitutes information of a highly personal nature, and disclosure of the information would constitute an unwarranted invasion of personal privacy to the individuals named in the document.  Id.  Ms. Bell properly determined that the public's interest in full disclosure of the document was outweighed by the individuals' interests in privacy.  Id.  Specifically, individuals that have applied for SSA benefits have a significant interest in not having information such as the fact they applied for benefits and may have been denied such benefits, their names and social security numbers, revealed to the public.  Id.  Moreover, disclosing such information could constitute an unwarranted invasion of personal privacy in that an individual could suffer harm, embarrassment, or be subjected to fraud.  Id.  In contrast, information that "reveals little or nothing about an agency's own conduct" does not further the statutory purpose; thus the public has no cognizable interest in the release of such

information.  See Reporters Committee, 489 U.S. at 773.

For the reasons set forth by Ms. Bell her Declaration, the SSA's application of Exemption 6 to the document entitled "Titles II and XVI Sixth Month Denial Cases" that was partially redacted to remove individuals' (other than Plaintiff's) names, social security numbers, and disability benefits determinations, should be upheld.

> **D.     The SSA Properly Segregated the Privileged Portions of the Document and Released the Remainder to Plaintiff.**

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte."  Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements."  Mead Data, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed.  Id.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal

or no information content." Mead Data, 566 F.2d at 261, n.55.

The SSA has met its segregability obligation here. The agency has set forth in a sworn declaration that the document at issue was reviewed for segregability, and all information other than personal information related to individuals other than Plaintiff was released to him. See Bell Dec. ¶¶ 19, 21. In short, the SSA was able to segregate the portions of the record that were privileged under FOIA Exemption 6, and release to Plaintiff the portions of the document that were related to him. The Bell declaration and Vaughn index adequately demonstrate that all reasonably segregable, non-exempt information has been disclosed to Plaintiff.

## V.  CONCLUSION

As set forth above, the SSA has responded properly to Plaintiff's request and has complied with its obligations under FOIA. Accordingly, the Court should grant Defendant's Motion for Summary Judgment and dismiss this case.

Dated: October 28, 2005.                    Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE
D.C. Bar # 171538
Assistant United States Attorney

/s/
HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, DC 20530
(202) 514-7139

-11-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL WEST,**   ) | |
| )  | |
| **Plaintiff,**   ) | |
| v.   ) | Civil Action No. 05-1890 (RMC) |
| )  | ECF |
| **JO ANNE BARNHART, COMMISSIONER,**   ) | |
| **SOCIAL SECURITY ADMINISTRATION**   ) | |
| )  | |
| **Defendant.**   ) | |
| )  | |

**ORDER**

Upon consideration of defendant's Motion for Summary Judgment, the Opposition thereto, and te entire record herein, it is this \_\_\_\_ day of _____, hereby

ORDERED that the defendant's motion is hereby GRANTED and this case is hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

ECF service to counsel of record

By mail to:   Michael West
P.O. Box 1935
St. Charles, MO 63302