UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL WEST,              )<br>                            )<br>        Plaintiff,           )<br>                            )<br>                            )<br>v.                          )<br>                            )<br>SOCIAL SECURITY ADMINISTRATION )<br>                            )<br>        Defendant           )<br>                            ) | Civil Action No: 05-1890 (RMC) |

### Declaration of Doris Bell

I, Doris Bell, hereby declare as follows based on my personal knowledge:

1) I am a Freedom of Information Specialist for the Office of Public Disclosure (OPD) of the Social Security Administration (SSA). OPD is responsible for establishing policies and practices to administer the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, the Internal Revenue Code provision on disclosure 26 U.S.C. § 6103, as it pertains to SSA, § 1106 of the Social Security Act, 42 U.S.C. § 1306, SSA regulations on disclosure, 20 C.F.R. Parts 401 and 402, and other disclosure issues. OPD is responsible for deciding whether to release or withhold requested SSA records.

2) I have personal knowledge of the procedures used in handling FOIA requests for information from SSA files pursuant to 5 U.S.C. § 552

3) On April 15, 2005, OPD received a letter dated April 6, 2005, from Mr. West stating he was appealing his FOIA requests of March 16, 2005, March 24, 2005, and February 22, 2005. Mr. West did not attach copies of the letters he referenced. *See* Agency Exhibit 1, attached hereto.

4) On April 15, 2005, OPD opened a file for this request. It was controlled in our FOIA control system as control number PF7263 and assigned to me.

5) I searched OPD's database system that maintains a listing of all of OPD's incoming and outgoing FOIA correspondence.

6) I found no record of OPD receiving any letter from Mr. West dated March 16, 2005, March 24, 2005, and February 22, 2005.

7) Mr. West stated in his the April 6, 2005, letter that his prior letters dated March 16, 2005, March 24, 2005, and February 22, 2005, had been addressed to Ms. Ann L. Wright of the Social Security office located at 112 Piper Hill Drive, Suite 6, St. Peters, Missouri 63376. Therefore, I contacted Ms. Wright concerning these letters.

8) Ms. Wright advised me that her contacts with Mr. West included a letter to Mr. West dated March 3, 2005, that informed Mr. West that SSA was unable to locate Mr. West's claims folder from his 1999 disability claim. Ms. Wright also advised me that Mr. West had been provided copies of the medical evidence from his 2004 claim. Ms. Wright had also advised Mr. West to visit her office to review any further documentation in his file. However, Ms. Wright informed me that her March 3, 2005, letter was not in response to any letters by Mr. West dated March 16, 2005, March 24, 2005, and February 22, 2005.

9) Ms. Wright informed me that she had multiple letters in her file for Mr. West with varying dates. Due to the lack of information contained in Mr. West's April 6, 2005, letter, she was unable to determine with certainty whether any of the letters were the letters Mr. West described in his April 6, 2005, FOIA request.

10) Based on the information contained in the April 6, 2005, letter, as well as my conversations with Ms. Wright regarding her contact with Mr. West, I determined that Mr. West was seeking a copy of his disability claims file from 1999. Mr. West has no telephone so we were unable to speak with him regarding his request.

11) OPD treated Mr. West's April 6, 2005, letter as an initial request for documents because it was the first time a request for this information from Mr. West had been received by OPD.

12) OPD then conducted a search for Mr. West's 1999 disability file in April 2005, and was unable to locate it at that time. Therefore, On May 18, 2005, SSA's Freedom of Information Officer, Jonathan Cantor, sent a letter to Mr. West stating that SSA was responding to his April 6, 2005, request for information regarding his disability claim. The letter informed Mr. West that he was entitled to review and copy material in this file under the Privacy Act. However, SSA was unable to make the file available as SSA could not locate the file.

*See* Agency Exhibit 2, attached hereto.

13) Mr. West was offered the opportunity to appeal the decision to the Executive Director of OPD.

14) Mr. West did not appeal to the Executive Director of OPD within the 30 day statutorily determined appeal period.

15) Mr. West served the instant FOIA complaint on SSA on September 28, 2005. In his complaint, Mr. West states that SSA failed to respond to his letters dated March 16, 2005, March 24, 2005, February 22, 2005, and April 6, 2005. Mr. West did not attach copies of the letters he referenced.

16) While researching the case in preparation for responding to the complaint, OPD again contacted Ms. Wright. OPD learned that the file was recently located.

17) I personally reviewed the file and determined that all of the pages contained in Mr. West's claims file could be released to him. However, one page was partially withheld under exemption 6 of the FOIA.

18) On October 28, 2005, I mailed a letter to Mr. West at the addressed listed on the complaint stating that his entire disability claims file was being released to him under the cover of this letter, and that OPD was partially withholding one page under exemption 6 of the FOIA.

*See* Agency Exhibit 3, attached hereto.

19) In SSA's October 28, 2005, response to Mr. West, SSA partially withheld information from a document entitled "Titles II and XVI Sixth Month Denial Cases." The document contained names, social security numbers, and dates relevant to the individual's (other than Mr. West) denial of benefits. We redacted all information under exemption 6 that did not pertain to Mr. West. We left Mr. West's information in tact on the document.

20) At this point in time, there are no additional documents responsive to Mr. West's FOIA request for his 2003 disability claim file that have not been released to him.

### Justification for Withholding Documents Under Exemption 6

21) SSA partially withheld the above-referenced page under Exemption 6 of the FOIA after concluding that disclosure of the information would constitute a clearly unwarranted invasion of personal privacy to the individuals (other than Mr.

West) named in the document. Exemption 6 authorizes the withholding of "personnel and medical files and similar files the disclosures of which would constitute a clearly unwarranted invasion of personal privacy." Contained in the document that Mr. West requested were names, social security numbers, and denial dates of individuals who applied for benefits with SSA but who were denied benefits. SSA determined that this information is of a highly personal nature.

Next, we had to determine whether the public's interest in disclosure of the documents outweighed the individual's interests in privacy. Clearly, individuals who have applied for benefits have a significant interest in not having information such as the fact that they applied for benefits and were denied as well as their name and social security number revealed to the public. Moreover, exposing the information of individuals who were denied benefits and their name and social security numbers could constitute an unwarranted invasion of personal privacy in that the individual could suffer harm, embarrassment, or be subjected to fraud. SSA was able to segregate the portions of the record that were privileged under exemption 6 and release to Mr. West the portions of the document that pertained to him.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on October 28, 2005.

*Doris P. Bell*
Doris P. Bell
for the Office of Public Disclosure
Social Security Administration