# SOCIAL SECURITY

Refer to:
S9H: PF7263

October 28, 2005

Mr. Michael West
P. O. Box 1935
St. Charles, MO 63302

Dear Mr. West:

This is in reference to your letter dated April 6, 2005, and Mr. Jonathan R. Cantor's response on May 18, 2005, indicating we were unable to locate your 1999 disability claims folder. We have now located your file and we are enclosing the material you requested.

However, we have partially withheld information for one page under exemption 6 of the Freedom of Information Act (FOIA). The information is protected by the Privacy Act of 1974 (5 U.S.C. § 552a). We can disclose such information only as that Act permits. To disclose this information to a member of the public, we need the written consent of the individuals whose records are requested. The information requested is exempt from disclosure under the FOIA (5 U.S.C. § 552). The FOIA does not require agencies to disclose information that would be a clearly unwarranted invasion of personal privacy (5 U.S.C. § 552(b)(6)). In considering whether this exemption applies to records, agencies must balance the public interest in disclosure against the privacy interest of the individual(s) whose records are requested. The Supreme Court set out certain guiding principles for such determinations in <u>Department of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749 (1989).

First, we must determine whether disclosure would affect a personal privacy interest. There is clearly a substantial personal privacy interest in the personal details furnished to the Government.

According to the Supreme Court case cited above, the only public interest that agencies should consider is whether disclosure of the records would shed light on the way an agency performs its statutory duties. We may not consider the identity of the requester or the purpose for which the information is requested. While there clearly is a public interest in knowing how the Social Security Administration administers the Social Security Act, disclosure of records containing personal information about named individuals would not shed light on how the agency performs its statutory duties. Therefore, disclosure of such personal information would be a clearly unwarranted invasion of personal privacy, and the FOIA exempts the records from disclosure.

We realized this is the same material we tried to send you on December 19, 2002, and on August 25, 2003, pursuant to requests of different dates than this instant request. We sent a copy of your file to the above post office box. Each time the material was returned unclaimed.

If you disagree with this decision, you may request a review. Mail your appeal within 30 days after you receive this letter to the Executive Director for the Office of Public Disclosure, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235. Mark the envelope "Freedom of Information Appeal." Please note control number PF7263 on the appeal letter.

If you have other questions regarding your claim file, you may wish to contact the local Social Security office. Our representatives there will be glad to help you.

Sincerely,

Joyce Schaul
Freedom of Information Officer

Enclosure