UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,            )
                         )
        Plaintiff,       ) Case No. 05-1890 (RMC)
                         )
v.                       )
                         )
JO ANNE BARNHART, COMMISSIONER, )
SOCIAL SECURITY ADMINSTRATION,  )
                         )
        Defendant.       )

RECEIVED
NOV 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Rule 7 and in response to defendant's statement of material facts as to which there is no genuine dispute, the Plaintiff respectfully submits this statement of material facts as to which there is no genuine dispute:

1. The Social Security Administration ("SSA") received Plaintiff's FOIA requests.

2. The SSA failed to respond nor provided materials responsive to Plaintiff's FOIA requests.

3. Plaintiff appealed the denial of FOIA.

4. The SSA failed to respond to nor provided materials responsive to Plaintiff's FOIA appeals.

5. As relevant to above, the SSA failed to assign any control number nor processed Plaintiff's FOIA request or appeals (or both) in accordance with federal law.

6. Notwithstanding, within "defendant's statement of material facts not in genuine dispute", the defendant, in relevant part, stated that "OPD had no record of receiving any FOIA requests by Plaintiff…." Id. at ¶ 4.

7. Here, the defendant does not dispute that SSA received Plaintiff's FOIA requests but in turn this defendant attempts to subvert this Court's attention away from this material fact. And then unfairly injects the phony issue that OPD had no record of receiving any FOIA requests by Plaintiff.

8. As relevant to paragraphs enumerated six and seven immediately above, here it is a significant fact that the defendant did not provide any evidence to this Court that reflected that SSA <u>did not</u> receive Plaintiff's original FOIA requests. Emphasis added. <u>Cf.</u> D's Statement of Material Facts Not in Genuine Dispute, at p. 1 ¶ 2 -- SSA does not cite any authorities for its implicit claim that Plaintiff did not comply with federal statute.

9. Contrary to the immediately above, it is an indisputable fact that SSA received Plaintiff's FOIA requests. For example, the defendant's covertly withheld casefile materials supporting this premise as within the March 24th FOIA correspondence it is stated in plain language terms, "please provide me with all information and authorities to support your claim that this SSA office does not have to answer Freedom of Information Act requests." Letter to SSA from West, Social Security <u>file stamped</u> as being <u>received on March 24, 2005</u>, at page 2.

10. As relevant to this case, this Plaintiff obtained an illegible and partial copy of the received filed stamped FOIA materials as provided by SSA. See attached materials provide by SSA and marked as West's Exhibit "A."

11. As such, it is immaterial - or a phony issue - as to whether or not OPD had a record of receiving any of Plaintiff's FOIA requests.

12. In reality, Plaintiff cannot be faulted for SSA's failure to process FOIA requests in accordance with its own rules and regulations by not forwarding a copy of FOIA request to its OPD.

13. Additionally, there is no credible evidence that the May 18, 2005 letter from Jonathan R. Cantor, Freedom of Information Act Officer was ever mailed to Plaintiff or created before Plaintiff filed this instant civil cause of action, or both.

14. Similar to above, Plaintiff <u>did not</u> receive the Cantor letter.

15. Moreover, the recently received October 28, 2005 letter from Joyce Schaul, Freedom of Information Officer, comes into play too late for equitable consideration and should be stricken from the record because SSA had a full and fair opportunity to comply with federal law from the outset.

16. As relevant to paragraph enumerated fiftteen immediately above, the defendant had procedurally defaulted on its opportunity to raise the issues it now wants to raise after-the-fact and in proper light of defendant's non-compliance with federal law.

17. Based on personal experience and several recorded observations of SSA's continuing non-disclosure practice or policy, Plaintiff firmly believes this May and October 2005 letter evidence immediately above was recently fabricated and now being used to unfairly influence this Court by "material misrepresentation."

18. Here, on one hand, it took letter to Congress and/or the filing of this instant cause of action before SSA could *reasonably* locate Plaintiff's older SSA/SSI claims folder, which, again, fairly demonstrates SSA's pattern and failure to comply with its own rules and regulations; and further demonstrated continuing action practices of disability discrimination and harassment. Emphasis added.

19. On the other hand, a thorough review of the just received SSA/SSI claims folder (on November 5, 2005) reflects that a true and complete copy of a letter from treating physician Dr. James Farrell that was forwarded to SSA *is missing*, in which Dr. Farrell stated that he would

3

promptly release Plaintiff's medical information to SSA upon proper written request. Emphasis added.

20. Remarkably, to date, SSA failed to provide the specific, identifiable materials that were originally requested. For one of several examples, SSA provided a plethora of casefile materials, but failed to identify any *particular* document or materials that specifically addressed the Plaintiff's original FOIA requests. Emphasis added.

21. As it stands now, neither this Court nor Plaintiff should be left to guessing as to which document or materials contained in a casefile that contains hundreds of pages of SSA materials is responsive to a specific, narrowly drafted FOIA request.

22. In the instant case, the withheld FOIA evidence sought by Plaintiff would also fairly demonstrate that SSA maintains and continues its questionable practice of "material misrepresentation" or fabricating evidence to deny SSA/SSI claims, in which may constitute "administrative abuse."

23. Notwithstanding, Plaintiff's original FOIA request for the specific materials that SSA used in support of its adverse agency decision is not protected by any statutory exemption.

24. In contrast, the defendant attempts to divert this Court's attention away from these material facts immediately above by asserting an unsubstantiated, irrelevant, or phony issue alleging the reliance on a "Vaughn index." D's Memo for Sum Judg, at page 6.

25. <u>Vaughn</u> is not applicable in this case for the reasons stated above.

These statement of material facts not in dispute may be reasonably applied by this Court to deny defendant's motion for summary judgment, to grant Plaintiff summary judgment, to impose sanctions against SSA, to disregard defendant's statement of material facts not in genuine dispute, and for any other proper purpose.

4

Dated: November 6, 2005.

Respectfully submitted,

_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935
No phone

### CERTIFICATE OF SERVICE

I certify by my signature below that a true and complete copy of the foregoing was mailed this ____ day of November 2005 first class U.S. Mail, postage prepaid, to:

Heather R. Phillips
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, D.C. 20530

_____
Michael West

5

Request to Re-Open SSA
March 24, 2005
Page 3 of 3

Respectfully,

*[signature]*

Michael West

Enclosures

Request to Re-Open SSA/SSI Claims
March 24, 2005
Page 2 of 3

social security procedural information as partially illustrated above). M
Farrell's office clearly stated he would release medical records upon rec
from SSA.

Additionally, none of these enumerated physicians employed by the "fec
Sec. 404.1514. As such, 20 C.F.R. 416.914 plainly states and provides t
will purchase the medical information – to be used in support of claims.
both aggrieved and injured by this unfair practice of this social security a
to follow its own regulations -- which may further support an administra
federal tort. Moreover, none of the partial medical evidence procured or
by state disability provided for a meaningful review by the reviewing aut
the available evidence of multiple impairments. The state disability and
*only* obtained an incomplete medical report from Dr. Conoyer. Compare
Disability Determinations dated March 16th above.

Third, your letter dated March 16, 2005 does not fully address my writter
"federal regulations for SSA performance of duty accurately represent a
history, e.g., medical history.

Fourth, your letter dated March 16, 2005 does not fully address my writte
"controlling federal regulations for SSA procuring medical information f

Fifth, your letter dated March 16, 2005 does not fully describe the "Sectic
which to review all of the federal regulations for SSA performance of dut
and accurate SSA records. A review of the GPO's website reflects that S
Federal Regulations fall under Title 20 -- Chapter 3. You stated in your l
information immediately above falls under "Chapter 20." In turn, I canno
under the provision that you cited. Please review and provide me with a
access to this specific request for information.

Sixth, apart from you reply letter above, please provide me with all inform
authorities to support your claim that this SSA office does not have to ans
Information Act requests. On March 16th you told me that if I requested i
under the FOIA that you did not have to act upon it.

Seventh, please send me complete and true copies of the social security re
your letter. I only have access to the CFRs and US Code.

In closing, you have received substantiated facts and are aware that I am d
decision with respect to my SSA/SSI claims. I request that my case be rec
416.1487 and as such, a hearing is requested. Therefore, please find the at
*Hearing y Administrative Law Judge.*

I trust you will promptly process these requests.

WEST'S EXHIBIT A