UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
| | ) |
| Plaintiff, | ) Case No. 05-1890 (RMC) |
| v. | ) |
| | ) |
| JO ANNE BARNHART, COMMISSIONER, | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S AFFIDAVIT AND REPLY TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Michael West, *pro se*, and moves this court with plaintiff's affidavit and reply to the defendant's motion for summary filed on October 28, 2005. In support of denying defendant's motion for summary judgment, Plaintiff shows as follows:

1. This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and pertains to the processing of Plaintiff's FOIA request by the Social Security Administration (SSA).

2. The SSA has not completed its processing of Plaintiff's information requests.

3. The SSA did not produce all responsive, non-exempt materials in its possession.

4. For example, the defendant and its attorneys covertly withheld materials supporting the premises pertinent to FOIA request (as stated in plain language terms within the March 24th FOIA correspondence) for SSA to "please provide me with all information and authorities to support your claim that this SSA office does not have to answer Freedom of Information Act requests." Letter to SSA from West, Social Security <u>file stamped</u> as being received on March 24, 2005, at page 2.

RECEIVED
NOV 17 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

5. Additionally, this Plaintiff received illegible and/or partial copies of received filed stamped FOIA materials as provided by SSA of the May 2004 casefile. <u>See</u> West's Exhibit "A."

6. As such, there are no material facts in dispute that SSA failed to fully and fairly produce all responsive, non-exempt materials in its possession.

7. To date, as partially demonstrated above, SSA failed to provide the specific, identifiable materials that were originally requested. In support of this premise, SSA provided a plethora of casefile materials, but failed to identify any *particular* document or materials that specifically addressed the Plaintiff's original FOIA requests. Emphasis added.

8. As it stands now, neither this Court nor Plaintiff should be left to guessing as to which document or materials contained in a casefile that contains hundreds of pages of SSA materials is responsive to a specific, narrowly drafted FOIA request.

9. Significantly, in another example, here Plaintiff requested and appealed for the specific materials that SSA used in support of its adverse agency decision to deny SSA/SSI claims. <u>See</u> West's FOIA Requests. As part of the adverse agency action, these requested materials used to deny SSA/SSI claims are not protected by any statutory exemption.

10. Here, the Plaintiff does not have immediate access to this material because SSA had not released its filed stamped copies to this Plaintiff.

11. Additionally, the *in-person* and written FOIA requests of March 16, 2005 and hand-delivered to defendant's Ms. Ann Wright (Wright), in part, requested "federal regulations for SSA procuring medical information for claimant(s)." Emphasis added. A true and complete copy is attached and marked as West's Exhibit "B." <u>Cf.</u> Memorandum in support of defendant's motion for summary judgment (no mention of West's Exhibit B).

12. To date, Plaintiff has not received medical information procurement policy.

2

13.   Additionally, said FOIA requests above requested "federal regulations for SSA performance of duty to maintain complete and accurate SSA records." Id.

14.   To date, Plaintiff has not received accurate records policy.

15.   Upon fair and full review of West's proffered Exhibit B, the SSA failed to provide Plaintiff with an accurate received date. Here the attached true and complete Exhibit B had been clearly filed stamped by SSA as being received on both March 16, 2005 and March 24, 2005. Upon information and belief, it is well within the province of this court to inquire as to "Why?"

16.   Remarkably, the defendant's motion for summary judgment is based upon inadmissible, second hand hearsay – double hearsay. Here, there is no affidavit or other credible evidence of Wright filed in this cause of action despite the defendant's reliance upon her hearsay testimony as expressed within the Doris Bell Declaration (Bell Decl).

17.   Additionally, the defendant has not provided any substantiated and verifiable evidence that reasonably demonstrated that Wright is not an otherwise available affiant.

18.   Additionally, upon information and belief, the defendant's claim and Bell Declaration that implied or explicitly stated that "Plaintiff was [solely] seeking a copy of his 1999 disability claims file" is false, misleading, or untrue. Bell Decl. at 3.

19.   Here, in contrast, it appears to this Plaintiff that the defendant's lawyers did not make a reasonable inquiry as to whether there are sufficient grounds in law and fact to support this specific pleading within defendant's motion for summary judgment in violation of Rule 11.

20.   These premises in reference to defendant's Rule 11 violation immediately above is supported twofold, by (1) defendant's surreptitious omission and no mention of West's Exhibit B (SSA correspondence filed stamped and dated March 16th or March 24, *or both*) which does

not even mention the 1999 disability claims file, (2) the irrefutable fact that no casual connection was made by the defendant to any of the received and relevant correspondence dated February 22, 2005, March 16, 2005, and/or March 24, 2005, and (3) that here the defendant attempted to employ material misrepresentation by its use of false, misleading, or untrue claim that Plaintiff was [solely] seeking a copy of his 1999 disability claims file as clearly and unambiguously stated and made part of its motion for summary judgment.

21. Upon further information and belief, the defendant's attorneys are only entitled to rely on client facts as much in which (1) there are sufficient grounds in law and facts to support its pleadings, and (2) rely on facts that are objectively reasonable.

22. For the reasons stated above, the Declaration of Doris Bell should be reasonably stricken from the record because of defendant's material misrepresentation, irrelevancy, or both, when compared to proffered evidence of West's Exhibit B (an exhibit that presently continues to be part of and within defendant's control, possession, or maintenance of relevant SSA records).

23. As partially demonstrated above, SSA is not entitled to judgment in its favor as a matter of law.

24. Additionally, Plaintiff believes sanctions should be imposed against defendant's attorneys pursuant to Fed. R. Civ. P. 11 for material misrepresentation or not making objectively reasonable inquiry into the facts used in support of its pleadings, or both.

25. And accordingly, summary judgment should not be granted to defendant pursuant to Fed. R. Civ. P. 56.

I certify by my signature below that the above and foregoing statements are based on best information under the penalties of perjury.

WHEREFORE, Plaintiff prays that this motion to deny defendant's motion for summary judgment be granted in accordance with the prayer for relief, together with costs and fees, and any for any other relief fit in the premises.

Dated: November 10, 2005.

Respectfully submitted,

_____
Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302-1935
No phone

## CERTIFICATE OF SERVICE

I certify by my signature below that a true and complete copy of the foregoing was mailed this 11th day of November 2005 first class U.S. Mail, postage prepaid, to:

Heather R. Phillips
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, D.C. 20530

_____
Michael West

MAY-04-2005  14:48     ST PETE SOC SECURITY

Form Approved
OMB No. 0960-0045

MAR 1 6 2005

SOCIAL SECURITY ADMINISTRATION

MAR 2 4 2005
SOCIAL SECURITY ADMIN

## STATEMENT OF CLAIMANT OR OTHER PERSON

| NAME OF WAGE EARNER, SELF-EMPLOYED PERSON, OR SSI CLAIMANT | SOCIAL SECURITY NUMBER |
|---|---|
| MICHAEL WEST | 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 |
| NAME OF PERSON MAKING STATEMENT (if other than above wage earner, self-employed person, or SSI claimant) | RELATIONSHIP TO WAGE EARNER, SELF-EMPLOYED PERSON, OR SSI CLAIMANT |

Understanding that this statement is for the use of the Social Security Administration, I hereby certify that—

I certify I am Michael West, 496 78 6579 DoB 10/06/1962, and here to procure the following:

1) complete & true copy of May 2004 file under the maintenance, control, & supervision of SSA;

2) Controlling federal regulation for SSA procuring medical information for claimant(s);

3) federal regulations for SSA performance of duty to maintain complete and accurate SSA records; and

4) federal regulations for SSA performance of duty to accurately represent a SSA claimants history, e.g., medical history.

My mother's maiden name is "McDowell."

———— Nothing Follows ————

Form SSA-795 (2-76)

WEST'S EXHIBIT B