UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST,<br><br>        Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION<br><br>        Defendant | Civil Action No: 05-1890 (RMC) |

## Supplemental Declaration of Doris Bell

I, Doris Bell, hereby declare as follows based on my personal knowledge:

1) As I stated in my declaration dated October 28, 2005, I am a Freedom of Information Specialist for the Office of Public Disclosure (OPD) of the Social Security Administration (SSA). OPD is responsible for establishing policies and practices to administer the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, the Internal Revenue Code provision on disclosure 26 U.S.C. § 6103, as it pertains to SSA, § 1106 of the Social Security Act, 42 U.S.C. § 1306, SSA regulations on disclosure, 20 C.F.R. Parts 401 and 402, and other disclosure issues. OPD is responsible for deciding whether to release or withhold requested SSA records.

2) I have personal knowledge of the procedures used in handling FOIA requests for information from SSA files pursuant to 5 U.S.C. § 552.

3) On November 22, 2005, I received a copy of a document date stamped by SSA on March 24, 2005, that Mr. West attached as "Exhibit B" to his "Plaintiff's Affidavit and Reply to Defendant's Motion for Summary Judgment."

*See* Agency Exhibit 1, attached hereto.

4) This is the first time this letter was received by OPD for processing as a FOIA request.

5) The request was controlled in our FOIA control system as control number PJ3346 and assigned to me.

6) On November 23, 2005, I contacted the Office of Hearings and Appeals (OHA) in Falls Church, Virginia, to request that Mr. West's May 2004 claims file be transferred to OPD for processing under FOIA and the Privacy Act.

7) Mr. West's file was received by OPD on December 2, 2005.

8) I personally reviewed the file and determined that all pages of information contained in Mr. West's May 2004 claims file could be released to him.

9) Additionally, Mr. West requested:

    a) controlling regulations for SSA presenting medical information for claimants;

    b) federal regulations for SSA performance of duty to maintain complete and accurate SSA records; and

    c) federal regulations for SSA performance of duty to accurately represent a SSA claimant's history; eg., medical history.

*See* Id.

10) It is my opinion that items a, b, and c, require SSA to perform legal research. My understanding of FOIA is that an agency is not required to perform legal research in order to respond to a request.

11) However, since Mr. West appeared to be seeking a copy of our disclosure regulations in items a and b of paragraph 9 above, we enclosed a copy of SSA Regulation 1 which is found at 20 C.F.R. Part 401.

12) For item c in paragraph 9, we were not easily able to ascertain the information Mr. West was seeking without performing legal research. Therefore for item c and for items a and b to the extent the enclosed regulations do not satisfy his request, we directed him to various resources for viewing the Code of Federal Regulations, including a link to SSA's web site.

13) On December 2, 2005, I mailed a letter to Mr. West at the address listed on the complaint stating that his entire May 2004 claims file was being released to him as well as certain sections of the Code of Federal Regulations. We also explained in this letter that the FOIA does not require SSA to perform legal research. Under cover of this letter I enclosed Mr. West's entire May 2004 claims file and sections of our Regulation 1 (20 C.F.R. Part 401).

See Agency Exhibit 2, attached hereto.

14) I declare under the penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2005.

*Doris P. Bell*
Doris P. Bell
for the Office of Public Disclosure
Social Security Administration