UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MICHAEL WEST,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-1890 (RMC) |
| **JO ANNE BARNHART**, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant has filed a motion for summary judgment. Because the Court finds that Defendant has produced all the records requested by Plaintiff, the motion will be granted.

### I. BACKGROUND

Plaintiff alleges that he submitted FOIA requests to the Social Security Administration ("SSA") on February 22, 2005, March 16, 2005, and March 24, 2005. Complaint ("Compl."), ¶¶ 6, 14, 23. In the March 24, 2005 request, Plaintiff sought the following records: (1) a copy of his May, 2004 SSA file; (2) the SSA regulations regarding the preservation of medical information for claimants; (3) the federal regulations that obligate the SSA to maintain complete and accurate records; and (4) the federal regulations pertaining to SSA's duty to accurately represent a

claimant's medical history.  Plaintiff's Affidavit and Reply to Defendant's Motion for Summary Judgment ("Pl.'s Aff."), Exhibit ("Ex.") B.  On April 6, 2005, having heard no response to any of his requests, Plaintiff filed an appeal with the SSA's Office of Public Disclosure ("OPD"). Defendant's Motion for Summary Judgment ("Deft.'s Mot."), Declaration of Doris Bell ("Bell Decl."), ¶ 3 & Ex. 1.

Upon receipt of Plaintiff's appeal, OPD conducted a search of its correspondence records and did not find copies of Plaintiff's requests.  *Id.*, ¶¶ 3, 5-6.  OPD decided to treat Plaintiff's April 6, 2005 as an initial request for documents.  *Id.*, ¶ 11.  In that letter, Plaintiff stated that he had mailed his document requests to Ann L. Wright at the SSA office in St. Peters, Missouri.  *Id.*, ¶ 7. Ms. Wright advised Plaintiff that the SSA could not locate the claims folder for his 1999 disability claim.  *Id.*, ¶ 8.  According to Ms. Wright, she did provide to Plaintiff copies of the medical evidence from his 2004 disability claim.  *Id.*  Based on Ms. Wright's representations, OPD decided that Plaintiff was seeking his 1999 disability claims file.  *Id.*, ¶ 10.

On May 18, 2005, the SSA informed Plaintiff that it could not locate his 1999 file. *Id.*, ¶ 12  & Ex. 2.  SSA advised Plaintiff of his right to appeal this decision to OPD's Executive Director.  *Id.*  Plaintiff did not file an appeal, but instead filed the present action on September 23, 2005.  *Id.*, ¶¶ 14-15; Compl.

After this case was filed, OPD located Plaintiff's 1999 file.  Bell Decl., ¶ 16.  On October 28, 2005, the SSA sent Plaintiff his requested records with the exception of one page, which was withheld under FOIA Exemption 6.  *Id.*, ¶ 18 & Ex. 3.  The withheld document contains the names, social security  numbers and benefits information of third-parties.  *Id.*, ¶ 19.

In responding to Defendant's motion for summary judgment, Plaintiff attached his

2

FOIA request date stamped by SSA on March 24, 2005. Pl's Aff., Ex. B. Plaintiff requested his May, 2004 file and copies of relevant federal regulations. *Id.* Defendant contends that this was the first time it became aware that Plaintiff sought his 2004 file. Defendant's Reply to Plaintiff's Affidavit and Reply ("Deft.'s Reply"), Supplemental Declaration of Doris Bell ("Bell Supp. Decl."), ¶¶ 3-4. On December 2, 2005, Defendant released to Plaintiff his May, 2004 claims file. *Id.*, Ex. 2. Defendant also provided Plaintiff a copy of the SSA's regulations on presenting medical information to claimants and regulations regarding the SSA's duty to maintain accurate and complete records. *Id.* Plaintiff's request for "federal regulations for SSA performance of duty to accurately represent a SSA claimant's history e.g., medical history" was denied by the agency on the ground that it would require the SSA to perform legal research. *Id.*

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.

Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981);

*see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted).

### III. DISCUSSION

To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C.Cir. 2004). A suit is only authorized under the FOIA against federal agencies and injunctive relief is only available to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Once the requested records have been produced there is no longer a case or controversy and the FOIA action becomes moot. *See Armstrong v. Executive Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996); *Trueblood v. U.S. Dep't of the Treasury*, 943 F.Supp. 64, 67 (D.D.C. 1996).

Upon initial review of Defendant's Motion for Summary Judgment and accompanying declarations, and Plaintiff's opposition to the motion, it appeared to the Court that the agency had produced all records responsive to Plaintiff's FOIA request. The Court ordered Plaintiff to file a statement detailing what, if any, additional documents were requested from the SSA. In response, Plaintiff merely restates that he has not received all the materials from his 1999 and 2004 files, and that the SSA has not provided copies of the federal regulations applicable to the agency.

An agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted). Beyond his bald assertion, Plaintiff has not offered any evidence that would lead the Court to conclude that the agency possesses other records that have not been disclosed. Moreover, an agency is not required to provide copies of federal regulations or perform legal research for the requester. *Landmark Legal Found. v. EPA*, 272 F.Supp. 2d 59, 64 (D.D.C. 2003). Since the agency's declarations demonstrate that Plaintiff has been provided all of the records responsive to his request, this case is moot.

## IV. CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment will be granted. A separate order accompanies this Memorandum Opinion.

                                                _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge

DATE: March 10, 2006