UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL WEST,                               )
                                            )
        Plaintiff,                          )
                                            )
vs.                                         ) Case No. 05-1890 (RMC)
                                            )
JOANNE BARNHART, Commissioner               )
Social Security Administration,             )
                                            )
        Defendant.                          )

## RULE 59 MOTION TO ALTER
## OR AMEND A JUDGMENT

Petitioner respectfully moves this court with motion to alter or amend a judgment pursuant to Rule 59, FED. R. CIV. PRO. A decision was filed in the above-entitled case on March 10, 2006. Remarkably, the decision was not delivered nor received by U.S. Mail, but accidentally discovered when Petitioner was checking status of this case via PACER. The Petitioner is aggrieved by said decision and clerk's failure to dispatch this decision via U.S. mail, and hereby petitions for reconsideration upon the following grounds:

1. The evidence does not justify the findings of fact.

2. In support of the above, Petitioner gives the following detail, including a statement of facts upon which Petitioner relies and a discussion of law applicable thereto:

3. The court failed to consider and discuss relevant evidence.

**SSA PROVIDED ILLEGIBLE COPIES**

4. On November 6, 2005, Petitioner filed plaintiff's statement of material facts not in genuine dispute. See Doc. #12.

5. Attached to this statement, the court received a true and complete sample of the copies that SSA provided to this Petitioner. See Doc. #12, West's Exhibit A.

6. A fair and full review of West's Exhibit A reflects that the copies provided to Petitioner are not complete, clear, or legible.

RECEIVED

MAR 20 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

7. In contrast, the district court failed to make required findings of fact with regards to certain disputed factual issues and its failure to consider this relevant evidence does not satisfy the required findings.

### DISTRICT COURT FAILED TO CONSIDER OTHER RELEVANT EVIDENCE

#### SSA's RODNEY TRIPP CORRESPONDENCE

8. The district court's finding that the "agency's declarations demonstrate that Plaintiff had been provided all of the records responsive to his request" (Doc. 20 at p. 6) did not satisfy the required finding that Petitioner West provided substantial evidence to the contrary.

9. On February 13, 2006, Petitioner West filed reply to order directing plaintiff to show cause. See Doc. 17.

10. Within this reply, and after Petitioner West had carefully and exhaustively combed through the materials provided by SSA, Petitioner West had fairly described and identified specific materials that had not been provided by SSA.

11. Specifically, the Petitioner identified materials that this federal agency had improperly withheld agency records consisting of correspondence that was filed with and received from Mr. Rodney Tripp of SSA's Review and Appeals Council. See Doc. 17 at p.1.

12. In contrast, the district court failed to make required findings of fact with regards to certain disputed factual issues and its failure to consider this relevant evidence does not satisfy the required findings.

### *LANDMARK* IS DISTINGUISHED FROM THE INSTANT CASE

#### IMPROPERLY WITHHELD RECORD KEEPING MATERIALS

13. The district court cites Landmark Legal Foundation v. EPA, 272 F.Supp. 2d 59, 64 (D.D.C. 2003), in its support, stating that "an agency is not required to provide copies of federal regulations or perform legal research for the requester." See Doc. 20 at p. 6.

14. Landmark is readily distinguishable because the petitioner did not "reasonable describe" the records requested. Id. at 64. "To the extent Landmark's request requires EPA to identify and list regulations meeting the description in its FOIA request, it seeks both research and the creation of a new document." Id. "Were the Court examining Landmark's FOIA request as a matter of first impression, it is not clear that Landmark's request would satisfy the standard set forth in the FOIA and EPA's implementing regulation. See 5 U.S.C. § 552(a)(3)(A) (requiring FOIA requester to reasonably describe records sought); 40 C.F.R. § 2.102 ("Your request should reasonably describe the records you are seeking in a way that will permit EPA employees to identify and locate them." Id.

2

15. In the present case, Petitioner West had stated in plain language English a readily discernable FOIA request for specific materials (i.e., recordkeeping requirements) pursuant to 5 U.S.C. § 552(a)(3)(A). See Doc. 13, ¶ 13 at p. 3. See also Doc. 19, attached West's Exhibit 1 ("All administrative staff manuals of the SSA...are available." 20 C.F.R. § 402.50).

### LOCAL OFFICE FOIA
### NONCOMPLIANCE MATERIALS

16. Additionally, Petitioner West filed a similar request for "all information and authorities to support your claim that this SSA office does not have to answer Freedom of Information Act requests." See Doc. 13 at p. 1.

17. To date, respondent SSA has improperly withheld agency records or failed to admit (or deny) as to whether these materials even exist. See 20 C.F.R. § 402.10 ("This policy calls for the fullest responsible disclosure consistent with those requirements of administrative necessity and confidentiality which are recognized in the FOIA.")

18. Nevertheless, here the district court failed to discuss and consider this relevant evidence immediately above in its memorandum opinion. Cf. Doc 13 to Doc. 20.

19. Where the district court failed to make required findings of fact with regards to certain disputed factual issues and failed to discuss relevant evidence does not satisfy the required findings under Rule 56 to grant in favor of Defendant's motion for summary judgment and against Petitioner's FOIA requests for specific agency materials and records.

### SAFECARD IS DISTINGUISHED FROM THE INSTANT CASE

### GLARING DEFICIENCY IN DEFENDANT'S
### MOTION AND SUPPORTING DECLARATIONS

20. In SafeCard Services v. SEC, 926 F.2d 1197 (D.C.C. 2003), SafeCard moved for discovery in order to inquire into the circumstances surrounding the SEC's loss of documents and the adequacy of its efforts either to locate or to recreate the lost documents. Id. at 1200. The district court held that the SEC's affidavits were sufficient to justify summary judgment on the adequacy of its efforts, and therefore denied discovery. Id.

21. In the instant case, Petitioner West has not requested discovery because SSA has provided nothing more than the agency's self serving, conclusory declaration "that the agency had produced all records responsive to Plaintiff's FOIA request." Doc. 20 at p. 5.

22. In reality, SafeCard actually works against the Defendant in the instant case because the agency has not provided the district court with any evidence that the requested FOIA materials of SSA's Rodney Tripp were either lost or destroyed. Id. at 1200-1201.

23. Similarly, the Defendant's declarations do not reflect that it reasonably contacted the SSA's Review and Appeal Section for the Tripp materials. When an agency's search for documents is challenged, "the issue to be resolved is not whether there might exist any other

3

documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg v. United States Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

24. Likewise, the Defendant's declarations do not reflect that it reasonably conducted a search for the requested staff manuals or regulatory materials, as provided for by this agency's own controlling FOIA regulations under 20 C.F.R. § 402.50.

25. Additionally, here the district court may have taken the petitioner's reply out of context by omitting the specific agency withheld materials cited within his reply that included the requested Rodney Tripp materials above. Doc. 17 ¶4. at p. 1.

26. A fair review of the district court's order reflects that there is no mention of the Tripp relevant evidence and, as a result, does not satisfy the required findings under Rule 56.

27. Remarkably, when the Tripp evidence is reasonably considered and compared to the Defendant's declaration, a new finding may be warranted inasmuch that the Defendant's evidence consists of a bald, conclusory declaration that does not state whether or not the requested materials were fairly investigated, destroyed, or lost. SafeCard at 1200 citing Ground Saucer Watch, Inc. v. CIA, 224 U.S. App. D.C. 1, 692 F.2d 770, 771 (D.C. Cir. 1981) (citations and quotation marks omitted).

28. With respect to the Petitioner's FOIA requests for evidentiary materials used to deny his underlying SSI claim, certainly this should not require any extraordinary legal research because most agency business practices cite or make reference to the specific materials relied upon in rendering a decision, just as this Court provides on a regular and continuing basis. See Doc. 20.

29. Upon review of the Defendant's declaration, there is no mention of the specific FOIA agency materials requested immediately above.

30. To date, the Defendant's have not provided this Court with any evidence reflecting whether or not these requested materials were fairly investigated, destroyed, or lost.

31. Summary judgment should not be granted because material issues of fact remain as to the existence of the Tripp materials, there is uncertainty as to whether the agency maintains staff manuals or regulations for recordkeeping pursuant to 20 C.F.R. § 402.50, there is uncertainty as to whether the agency maintains staff manuals for representing claimants' medical history pursuant to 20 C.F.R. § 402.50, there is uncertainty as to whether the agency maintains staff manuals or regulations for local office questionable practice and failure to comply with FOIA requests pursuant to 20 C.F.R. § 402.50, there is uncertainty as to whether the agency maintains staff manuals or regulations for procuring medical evidence pursuant to 20 C.F.R. § 402.50.

32. Motion for summary judgment is granted reluctantly and only in very clear cases. Union Carbide Corp. v Hicks Express, Inc., 162 F Supp 612 (D.C. Del 1958); Gunther v San Diego & A. E. R. Co., 192 F Supp 882 (S.D. Cal. 1961)

4

33. Here, as recently declared by Honorable Richard Leon in Gilchrist v. DOJ, Case No. 05-1540 (RJL), 2006 U.S. Dist. LEXIS 9992 (D.C.C. February 24, 2006) "Plaintiff's opposition points out a glaring deficiency in defendant's motion and supporting declaration." Id. at p.7.

34. The agency prevails on a motion for summary judgment only where it shows "beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg v. United States Department of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

35. As demonstrated above, here the agency did not provide this Court with sufficient evidence to warrant a finding that it had conducted a search reasonably calculated to uncover the requested and relevant documents responsive to Petitioner's FOIA requests.

WHEREFORE, Petitioner West respectfully requests that this Court reconsider its order of March 10, 2006, and that, on such reconsideration, this Court vacate the order, or, in the alternative, modify the same to consider and discuss the relevant evidence above, and for any other relief that may be fit in the premises.

Dated this 16th day of March 2006.

Respectfully submitted,

Michael West, *pro se*
P.O. Box 1935
St. Charles, MO 63302
No phone

### CERTIFICATE OF SERVICE

I certify by my signature below that a true and complete copy of the foregoing motion was placed in the U.S. Mail, First Class, postage prepaid, and mailed this 16th day of March 2006, to: Heather R. Phillips, Asst. U.S. Attorney, Civil Division, 555 4th Street, N.W. - Rm. E4212, Washington, D.C. 20530

5