UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST,               )<br>                              )<br>     Plaintiff,             )<br>                              )<br>v.                            )<br>                              )<br>JO ANNE BARNHART, COMMISSIONER, )<br>SOCIAL SECURITY ADMINISTRATION )<br>                              )<br>     Defendant.             )<br>                              ) | Civil Action No. 05-1890 (RMC)<br>ECF |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
RULE 59 MOTION TO ALTER OR AMEND JUDGMENT**

On October 28, 2005, Defendant, the Social Security Administration ("SSA"), by and through its undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moved for summary judgment in its favor in this case. On November 21, 2005, Plaintiff filed an Affidavit and Reply to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition") via the Court's ECF electronic filing system. On December 2, 2005, Defendant filed its Reply and supplemental affidavit ("Defendant's Reply"). On December 21, 2005, the Court issued an Order Directing Plaintiff to Show Cause. Plaintiff filed his Reply to the Court's December 21, 2005 Order on February 17, 2006. On March 10, 2006 the Court granted Defendant's MSJ because "Defendant has produced all the records requested by Plaintiff." See March 10, 2006 Order. On March 22, 2006, Plaintiff's Rule 59 Motion to Alter or Amend a Judgment was entered on the Court's docket and served on Defendant. Defendant hereby opposes Plaintiff's Rule 59 Motion.

**PLAINTIFF HAS FAILED TO DEMONSTRATE GROUNDS
WARRANTING A GRANT OF HIS RULE 59 MOTION**

A court has considerable discretion under Rule 59(e). Alteration or amendment of a

judgment is extraordinary relief that need not be granted unless the district court concludes: (1) that there has been an intervening change of controlling law; (2) that new evidence is available; or (3) that amendment is needed to correct a clear error or prevent manifest injustice.  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir.1996) (per curiam ).  A Rule 59(e) motion is neither a means to reargue facts and legal theories upon which a court has already ruled, New York v. United States, 880 F.Supp. 37, 38 (D.D.C. 1995), nor a vehicle to present arguments or evidence that could have been advanced earlier.  Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993); W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997).  In his Rule 59 Motion, Plaintiff has made the very same arguments that he made in his prior pleadings to the Court and failed to proffer new evidence.  The Court should therefore deny his Rule 59 Motion.

### PURSUANT TO FOIA, DEFENDANT HAS PROVIDED ALL RESPONSIVE DOCUMENTS TO PLAINTIFF

Once again, Plaintiff's Rule 59 Motion claims – as he claimed in his Opposition and Reply to Defendant's MSJ – that Defendant has not fully complied with Plaintiff's FOIA requests because Defendant has not provided him with "information and authorities" and "staff manuals or regulatory materials" used to deny his claim.  Plaintiff's Rule 59 Motion at 3-5.  To provide these materials would require that SSA engage in legal research on Plaintiff's behalf. See Supplemental Declaration of Doris Bell at ¶¶9-12, attached as Exhibit 1 to Defendant's Reply.  This Court properly found that under FOIA, the SSA is not required to conduct legal research for the Plaintiff.  See March 10, 2006 Order; See also Landmark Legal Found. v. EPA, 2003 WL 21715677 (D.D.C.); Allnutt v. U.S. DOJ, 2000 WL 852455 (D. MD).

Likewise, Plaintiff again claims that Defendant did not provide him with materials

responsive to his FOIA request – but fails to identify what responsive documents were not provided to him.  See generally Plaintiff's Rule 59 Motion.  Plaintiff appears to claim that because the copies of his claims files that were released to him did not contain "improperly withheld agency records consisting of correspondence that was filed with and received from Mr. Rodney Tripp of SSA's Review and Appeals Council" (and which Plaintiff apparently has in his possession from another source), the Defendant's assertion that it has provided Plaintiff with all documents in his claims files is false.  Plaintiff's Rule 59 Motion at 2.  There is no evidence to support this contention.  Instead, the sworn Declarations of Doris Bell state that the entire contents of Plaintiff's 1999 and 2004 disability claims files have been sent to him.  See Defendant's MSJ and Reply and the Declaration and Supplemental Declaration of Doris Bell attached thereto.  That Plaintiff is in possession of a document he believes should have been in his claims file is not evidence that the Defendant has not provided Plaintiff with the entirety of his 1999 and 2004 claims files, as they exist in the Defendant's possession.  See Defendant's MSJ and Reply, and supporting Declarations of Doris Bell attached thereto.  Consequently, there are no material facts in dispute, and the Court properly found that the SSA is entitled to summary judgment in its favor as a matter of law.  Plaintiff has proffered no evidence to the contrary, and the Court should therefore deny Plaintiff's Rule 59 Motion.

## **CONCLUSION**

As set forth above, the SSA has responded properly to Plaintiff's request and has complied with its obligations under FOIA.  Accordingly, the Court properly granted summary judgment in the SSA's favor, and should therefore deny Plaintiff's instant Rule 59 Motion.

Dated: March 29, 2006				Respectfully submitted,

/s/
KENNETH L. WEINSTEIN
D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONFRERES
D.C. Bar # 434122
Assistant United States Attorney

/s/
HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
Civil Division
555 4th Street, NW, Rm E4212
Washington, DC 20530
(202) 514-7139

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Opposition to Plaintiff's Rule 59 Motion was mailed to appellant pro se, Michael West, P.O. Box 1935, St. Charles, MO 63302, on this 29th day of March, 2006.

 

_____
HEATHER R. PHILLIPS
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Rm. E4212
Washington, D.C. 20001
(202) 514-7139