UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL WEST, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 05-1890 (RMC) |
| | ) |
| JO ANNE BARNHART, COMMISSIONER | ) |
| SOCIAL SECURITY ADMINSTRATION, | ) |
| | ) |
| Defendant. | ) |

## DISPUTED FACTS

COMES Now defendant, Michael West, *pro se*, in the above-entitled matter, and respectfully requests this Honorable Court to take judicial notice of its complete record and disputed facts, as taken from the arguments and evidence of this case:

1. To date, the defendant relies on one declaration and maintains "that the entire contents of Plaintiff's 1999 and 2004 disability claims files have been sent to him." Defendant's Opposition To Plaintiff's Rule 59 Motion To Alter Or Amend Judgment, at p. 3 citing Order, 3/10/06 ("Defendant has produced all records requested by Plaintiff.") Conversely, Plaintiff contends that Social Security Administration's search of its paper and electronic systems was inadequate because there is nothing within the proffered declaration that the Appeals Council records were searched. As such, it plainly appears from the record in this case that there was a search confined to one office or region, and did not search all components of the agency. Cf. Landmark Below, at 65-66.

In Steinberg v. United States DOJ, 306 U.S. App. D.C. 240, 23 F.3d 548, 552 (D.C. Cir. 1994), the court explained that "agency affidavits that 'do not denote which files were searched, or by whom, do no reflect any systematic approach to document location, and not provide information specific enough to enable [the requester] to challenge the procedures utilized' are insufficient to support summary judgment." (quoting Weisberg v. Dep't of Justice, 200 U.S. App. D.C. 312, 627 F.2d 365, 371 (D.C. Cir. 1980)).

In contrast, the declaration of Doris Bell from the present case suffers these inadequacies listed in Steinberg above. Similarly, there is no evidence that the plaintiff has possession of any documents from Rodney Tripp of SSA's Review and Appeals Council. Plaintiff contends that this is the relief in which the FOIA provides him.

In plain language English, this plaintiff "does not have any of the Review and Appeals Council materials within his possession." However, it should be fairly noticed that this plaintiff previously filed an appeal with this council and by chance remembered the name of Mr. Tripp in this process. After an exhaustive review, *none* of the appeals materials were found within the

RECEIVED
APR 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

materials provided by this defendant. (Emphasis added). To date, the defendant does not deny that it employed Mr. Tripp.

Here, there was only a speculatory remark made with reference to the Rodney Tripp, Review and Appeals Council materials stated in the Court's Order. Order, 3/10/06.

2. To date, the defendant relies on <u>Landmark Legal Found. V. EPA</u>, 272 F. Supp. 2d 59 (D.C. 2003), contending that the instant FOIA requests for specific staff manuals or regulations amounts to and is "legal research." Defendant's Opposition To Plaintiff's Rule 59 Motion To Alter Or Amend Judgment, at p. 3.

Remarkably, in <u>Landmark</u>, there is no mention of legal research. Moreover, the EPA identified at least 11 regulations responsive to the FOIA request, despite that plaintiff's vague requests. In the present case, again, the declaration of Doris Bell does not indicate whether the Social Security Administration "conducted a 'search 'reasonably calculated to uncover all relevant documents.'" <u>See</u> Weisberg, Supra. Additionally, the defendants' declaration does not state in any clear terms as to how much time it has expended in locating the staff manual or regulatory materials. Moreover, the instant case does not requests that the defendant create a new document.

Here, there is no mention of the Bell Declaration (or others) as to how much time was expended nor the names of its agencies that were contacted with respect to the instant FOIA request for staff manuals and regulatory materials. Order, 3/10/06.

3. The defendant did not comply with the instant FOIA requests because the copies of the materials provided were illegible and does not meet the "readily reproducible" document provision under FOIA. 5 U.S.C. § 552(a)(3)(B). The court has received proffered evidence from the plaintiff of this fact but there is no mention of illegible copies in its Order. Order, 3/10/06.

*******

As a result, the following disputed facts remain unsettled, respectively:

* whether Social Security Administration conducted an adequate search for the specific FOIA materials, in light of <u>Weisberg v. U.S. Department of Justice</u>, 240 U.S. App. D.C. 339, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

* whether FOIA requests for agency's staff manual or regulatory materials requested under the FOIA is properly considered "legal research."

* whether the illegible copies forwarded by Social Security Administration to petitioner fairly demonstrate compliance with FOIA.

The plaintiff contends that the reasonable answer to all three of questions presented immediately above, respectively, is "no"...the same as to the answer this court should say to defendant's motion for summary judgment.

Dated this 5th day of April 2006.

Respectfully submitted,

*[signature]*

Michael West, pro se
P.O. Box 1935
St. Charles, MO 63302
No phone

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was placed in the U.S. Mail, first class, postage prepaid, this 5th day of April 2006, to:

Heather R. Phillips
AUSA
Judiciary Center Bldg.
555 4th Street, NW, Rm. E4212
Washington, D.C. 20001

*[signature]*

3